[Crim. No. 1849.   First Appellate District, Division Two.—September 6, 1935.]

THE PEOPLE, Respondent, v. JOHN ISNARDI, Appellant.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—Defendant was convicted of the felony of grand theft. He appeals from the judgment and from the order denying a new trial.

The sole ground of the appeal is that sentence was pronounced after an extension of twelve days granted for the purpose of hearing defendant's motion for a new trial.

The appellant quotes the first part of section 1191 of the Penal Code, which provides that the court must pronounce judgment not less than two nor more than five days after the verdict but that the time may be extended "not more than ten days for the purpose of hearing or determining any motion for a new trial. . . . " He then cites cases holding that this portion of the section, taken with section 1202, is mandatory and cannot be waived by consent. He makes no reference to the following portion of section 1191, which reads: "provided, however, that upon the request of the defendant such time may be further extended not more than ninety days additional".

The appellant concedes that the continuance was granted upon his motion and request to enable him to make further showing in support of his motion for a new trial. This would seem to be sufficient reason for the application of the latter proviso of the code section. The question is simply one of construction of the code section in which we are not aided by any prior decision as none of the authorities cited. involved an interpretation of this last proviso. The section is given the subject title of "Time for pronouncing judgment". The

first clause requires the court to appoint "a time for pronouncing judgment which must not be less than two, nor more than five days after the verdict. . . . '' This is followed by a semicolon and the proviso that: "the court may *extend the time* not more than ten days for the purpose of hearing or determining any motion for a new trial. . . . '' Another semicolon follows this clause and then the proviso that "the court may extend the time not more than twenty days in any case where the question of probation is considered. . . . '' Again a semicolon follows and then the clause "provided, however, that upon the request of the defendant *such time* may be further extended not more than ninety days additional''.

Throughout the section the "time" referred to is the time for pronouncing sentence. Though a limitation upon such time is fixed in the first clause, three independent provisos follow—first, when a motion for a new trial is made, an extension of ten days may be granted at the request of either party; second, when an application for probation is pending, an extension of twenty days may be granted at the request of either party; and third, when the defendant makes the request, an extension of ninety days may be granted.

It would be hard to conceive of language more favorable to a defendant in a criminal case. He is given the right to a speedy sentence no matter what the circumstances confronting the prosecution may be; it is upon his request alone that this time may be extended under the third proviso of the section. The extension granted here was at his request and for his benefit, and comes within the terms of the code section.

The judgment and order are affirmed.

Sturtevant, J., and Spence, J., concurred.